McCOLLUM *v.* STATE TAX COMMISSION

Mr. John Flynn, Ashland, Oregon, appeared for plaintiffs; Mr. Alfred B. Thomas, Assistant Attorney General, Salem, appeared for defendant.

Decision in part for plaintiffs and in part for defendant rendered January 13, 1967.

EDWARD H. HOWELL, Judge.

The above cases were consolidated for trial and briefing. The two issues before the court are (1) whether plaintiffs George and Mabel McCollum are subject to a negligence penalty under ORS 314.405(5)(a) for failing to report the sale of a cattle ranch in their tax return for 1959 and (2) whether the plaintiffs are entitled to treat the sale in 1962 of certain timber or logs as a capital gain.

■ ORS 314.405(5)(a) allows the defendant commission to assess a penalty of five percent of the deficiency if such deficiency is due to negligence in the preparation or filing of the return. Plaintiffs did not report the sale of the ranch in their 1959 return because they believed that the installment contract had no fair market value.[1] Subsequent to the trial the market value of the contract was settled between the plaintiffs and the tax commission and is not now before this court. However, it is obvious from the evidence concerning the terms of the installment sale of

---

[1] ORS 316.260(2) states: "The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received."

the ranch and the financial condition of the buyer that the plaintiffs were not negligent in failing to report the sale in 1959. An honest difference of legal opinion existed between the parties. *Joseph Marcello, Jr. v. Commissioner,* 43 TC 168 (1964). The defendant is not entitled to assess a negligence penalty for the plaintiffs' failure to report the ranch sale in 1959.

In their tax return for 1962 the plaintiffs reported the sale of certain timber or logs as a capital gain under ORS 316.408[2] which stated in part:

"For the purpose of ORS 316.408 to 316.450, 'capital asset' means property held by the taxpayer (whether or not connected with his trade or business), but does not include:

"(1) Stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the tax year, *or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.*

"(2) Property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in ORS 316.335, *or real property used in his trade or business.* * * *" (Emphasis supplied.)

The defendant urges that the timber or logs sold by plaintiffs in 1962 were "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business" or were "real property used in his trade or business."

---

[2] ORS 316.406 to 316.450 allowing capital gain treatment for recognized gains which are reinvested was enacted in 1959 to be applied to taxable periods beginning on January 1, 1960. The 1965 legislature eliminated these provisions by the enactment of ORS 316.415 to 316.425 and provided that the federal law on capital gains would apply to all transactions after July 1, 1965. (Or L 1965, ch 410, § 2.)

During the time involved herein plaintiffs George and Mabel McCollum and their son, Melvin, were partners doing business as McCollum Lumber Company, with their principal office located in Klamath Falls, Oregon. In 1962 the main business of the partnership consisted of investments and rentals. The partnership had been engaged in logging and lumbering until approximately 1956 when they leased their mill to Diamond Lake Lumber Company. The partnership owned some logging equipment in 1962. The timber involved in this case, referred to as the timber in Section 18, Township 39, Klamath County, had been owned by the McCollums since 1935. It had not been logged except for the periodic removal of windfalls. In 1962 the plaintiffs, acting through Melvin McCollum, entered into an oral contract (called a partnership by Melvin) with a logger, Leonard Putnam, to sell and log the timber. Melvin had known Putnam for several years and they had been partners in a logging operation from 1959 to 1961. The plaintiffs contend that they sold their standing timber in Section 18 to Putnam and that as each tree was cut, Putnam became the owner of the logs. This is not the fact. The timber was not sold to Putnam. Putnam testified that the agreement was that "I would sell his timber for him  *  *  *  I sold standing timber." The following testimony was also given by Putnam:

> "Q  As I understand it, the McCollums owned this timber as stumpage and their ownership continued until the purchaser received the logs at his pond, is that correct?
>
> "A  Well, I assume this is correct.
>
> "Q  At no time did you own any of this stumpage or logs?
>
> "A  No, I didn't."

Melvin also testified that "he [Putnam] was to sell the timber at the highest price he could obtain anywhere he could do it."

The timber was logged by Putnam and sold as logs to four different mills in the area. The price was based on the scale of the logs at the mill. Melvin in all instances approved the sales price of the logs and the payments were remitted by the buyers directly to Melvin who paid Putnam $22 per thousand board feet for the selling, falling, bucking and hauling. Melvin had nothing to do with the logging and hauling which was accomplished entirely by Putnam and his employees.

■ ORS 316.408, in effect, defines capital assets as all property held by the taxpayer. Specific exceptions are provided by the subsections. Plaintiffs' property does not fall within the exception of real property used in the trade or business of the taxpayer because plaintiffs were not selling real property. They were selling personal property in the form of logs, the title to which remained in the partnership at least until the logs were delivered at the various mills.

The other exception on which the defendant relies to exclude the sale from treatment as a capital gain is that the logs constituted "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." This language also appears in sections 1221 and 1231(b) of the Internal Revenue Code of 1954 and in sections 117(a) and 117(j) of the Internal Revenue Code for 1939 and has been interpreted many times in the federal courts.[9]

■ The latest definition of "primarily" as used in

---

[9] See Stanley S. Surrey, *Definitional Problems in Capital Gains Taxation,* 69 Har L Rev 985 (1956).

the statute appears in *Malat v. Riddell,* 383 US 569, 86 S Ct 1030, 16 Led2d 102, 17 AFTR2d 604, 66-1 USTC ¶ 9317 (1966), wherein the court defined primarily as "of first importance" or "principally."

■ "No fixed formula exists for determining whether property is held primarily for sale to customers in the ordinary course of a taxpayer's business. Rather, a congeries of factors is to be considered and weighed, no one factor being necessarily decisive." (Citing cases.) *Tidwell v. Commissioner,* 298 F2d 864, 866, (4th Cir 1962), 9 AFTR2d 602, 62-1 USTC ¶ 9238.

■ Among the factors to be considered are: the purpose for which the property was acquired, i.e., resale, investment, income; the continuity and frequency of purchases and sales including the size and character of the properties; the length of time the property was held before sale and the degree of development or improvement of the property; the extent of advertising for sale or solicitation of sales directly by the taxpayers or their agents; a comparison of the sales transactions with the other business activities of the sellers. *Lloyd Mitchell, Inc. v. U. S.,* 259 F Supp 345, (D C Md 1966), 18 AFTR2d 5907, 66-2 USTC ¶ 9710; *Dunlap v. Oldham Lbr. Co.,* 178 F2d 781 (5th Cir 1950), 38 AFTR 1228, 50-1 USTC ¶ 9134; *Snell v. Commissioner,* 97 F2d 891 (5th Cir 1938), 21 AFTR 608, 38-2 USTC ¶ 9417.

6. The plaintiffs cite and rely upon *Ah Pah Redwood Co. v. Commissioner,* TC Memo 1959-45; P-H Memo TC ¶ 59,044 (1959), *on remand by* 251 F2d 163 (9th Cir 1957), 58-1 USTC ¶ 9153 *re'vg and remanding* 26 TC 1197 (1956); *Isaac S. Peebles v. Commissioner,* 5 TC 14 (1945); *Estate of M. M. Stark v. Commissioner,* 45 BTA 882 (1941); *J. J. Carrol v. Commissioner,* 27

BTA 65 (1932); and *John W. Blodgett v. Commissioner,* 13 BTA 1388 (1928). In all these cases, unlike the present case, the taxpayers sold the timber to the buyer who was to log the timber and sell the logs on his own behalf or manufacture them into lumber. The buyers were not agents or employees of the seller in logging the timber and selling the logs.[⊛]

■ The facts in the instant case more closely resemble the situation in *Boeing v. Commissioner,* 107 F2d 305, (9th Cir 1939), 23 AFTR 350, 39-2 USTC ¶ 9682, in which the taxpayer entered into contracts employing logging companies to cut the timber, deliver the logs, and sell them on behalf of the owners. The court found the owner, through the activities of the logger as his agent or employee, was in the business of selling logs and not entitled to treat the sale as a capital gain.

In the above cases relied upon by the plaintiffs the Commissioner of Internal Revenue relied upon the *Boeing* case in urging a denial of capital gains. The courts, however, found against the commissioner and distinguished *Boeing* on the grounds that the taxpayer in *Boeing* was in the business of selling logs to customers when he employed an agent to cut the timber and sell the logs and in the other cases the owners sold their timber to a buyer with the latter doing the logging and selling on his own behalf and not as agent for the seller.

■ The plaintiffs have the burden of proving that they were not holding the timber primarily for sale to customers in the ordinary course of their trade or business. ORS 305.427, *Ah Pah Redwood Co. v. Commissioner,* 251 F2d 163, (9th Cir 1957), 58-1 USTC ¶ 9153.

---

[⊛] See also: *Camp Mfg. Co. v. Commissioner,* 3 TC 467 (1944) and *Kirby Lbr. Corp. v. Scofield,* 89 F Supp 102 (D C Texas 1950), 39 AFTR 240, 50-1 USTC ¶ 9176.

The plaintiffs have failed to sustain this burden of proof. The facts clearly show that Putnam was an agent in selling the logs for and on behalf of the partnership. *John I. Haas, Inc. v. Tax Com.,* 227 Or 170, 361 P2d 820 (1961). The sale was not made to Putnam but to the various mills through Putnam. However, this in itself is not necessarily decisive.

Applying the tests hereinbefore mentioned the evidence is too inconclusive for the plaintiffs to prevail. There was no evidence of the purpose for which the property was acquired, whether it was investment, resale, timber only or timber on ranch property; the frequency of purchases, if any, and sales during the year in question and prior and subsequent years; whether the logging partnership between Melvin and Putnam from 1959 to 1961 was on behalf of the partnership or Melvin as an individual; a comparison of the sales transactions involved with the other business activities of the partners.

The order of the defendant commission disallowing the sale of the timber as a capital gain is affirmed. That part of the commission's order assessing a negligence penalty is set aside.

Costs to neither party.